Case 1:14-cv-00219 Document 46 Filed in TXSD on 04/28/16 Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
April 28, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| OLGA BAIZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO: 1:14-CV-219 |
| | § | |
| JOHN F. KERRY, | § | |
| | § | |
| Defendant. | § | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

On April 19, 2016, the Court held a bench trial in the above-titled civil action. Based on the parties' stipulated facts; the witnesses' testimony; the exhibits admitted at trial,[1] Dkt. Nos. 45, 45; and after considering the arguments of counsel, the Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a)(1).

### Findings of Fact

The Court finds that Plaintiff Olga Baiz a/k/a Olga Bais a/k/a Olga Baez[2] Casas a/k/a Olga Baiz Longoria ("Baiz") proved the following facts by a preponderance of the evidence. All uncontested facts derive from the pleadings, Dkt. Nos. 1, 11, and the parties' admissions of fact memorialized in the proposed joint pretrial order, ("the Pretrial Order"), Dkt. No. 25 at 2–4.

1.  Baiz's parents are Juan Baiz a/k/a Juan Baez ("J. Baiz") and Aurora Longoria a/k/a Aurora Longoria de Baez ("Longoria"). *Compare* Pl.'s Ex. 1 at 1-2 (spelling Plaintiff's surname and that of her father as "Baiz" and listing mother's surname as "Longoria"); Def.'s Ex. A at 1 (same for Plaintiff's brother, Macario Baez) *with* Pl.'s Ex. 2 at 2-23 (spelling surname "Baez" and including "de Baez" in mother's surname of sibling). Longoria was born February 10, 1922, in Ciudad Camargo, Tamaulipas, Mexico, and J. Baiz was born June 24, 1913, in Tula, Tamaulipas,

---

[1] The Court admitted Plaintiff's exhibit 17 as a summary of the documents in the record under Federal Rule of Evidence 1006.
[2] The Mexican birth records of Plaintiff's siblings spell their surname with an "e," i.e. Baez. *E.g.*, Pl.'s Ex. 2 at 2-1. Plaintiff and Macario Baez's Texas birth certificates spell the child's name with an "i." *E.g.*, Pl.'s Ex. 1 at 1-1. The Court spells Plaintiff's name with an "i" in these findings and utilizes an "e" when spelling the names of her family members, but the Court makes no finding on the correct spelling of any individual's surname. All parties agree that the individuals with the Baiz and Baez surnames in the record are related to one another as the Court finds herein.

1

        Mexico. Longoria Aff. 1, June 15, 1960, Pl.'s Ex. 4 at 4-5. Both are Mexican citizens. *Id.* J. Baiz and Longoria are both deceased.

2.     J. Baiz and Longoria had 17 children including Baiz. *See* Pl.'s Ex. 2 (collecting siblings' Mexican birth records); Pl.'s Proposed Findings Fact ¶ 7, Dkt. No. 27 (stating Plaintiff has 16 siblings). From in or around 1938 through at least 1965 J. Baiz and Longoria lived in a one room house located on a ranch designated as Ejido Las Rusias, Matamoros, Tamaulipas, Mexico ("Las Rusias").[3] The ranch on which J. Baiz and Longoria lived stood on the banks of the Rio Grande River immediately across from Brownsville, Texas. The family did not have running water or a car, and reaching the nearest church required a one-hour bus ride away in Matamoros. It was possible to reach Brownsville from Las Rusias by wading across the Rio Grande.

3.     J. Baiz worked as a laborer for the ranch on which the family lived.

4.     A midwife who resided in or around Las Rusias assisted with births that occurred there. The community did not have a doctor.

5.     With the exception of Baiz, all of J. Baiz and Longoria's children were born in Las Rusias. Pl.'s Ex. 2. Three of J. Baiz and Longoria's children—Zulema (born 1952), Juan (born 1958), and Enrique (born 1958) —died while very young, and there is no evidence that their births were registered. Pl.'s Ex. 17 at 1. Again, with the exception of Baiz, J. Baiz and Longoria registered their remaining 13 children in Mexico as having been born in Las Rusias. *See* Pl.'s Ex 17 at 1; Pl.'s Ex. 2.

6.     Tamaulipas birth certificate identified as book number 7, certificate number 1276, registered November 30, 1939, states that "Maria Baez Longoria" ("M. Longoria") was born in "Ejido Las Rusias Este Municipio" on October 30, 1938. Pl.'s Ex. 2 at 2-1.

7.     Macario Baez ("M. Baez") was born in Matamoros in May 1943. Pretrial Order ¶¶ 6(k)–(l) (listing fact that M. Baez was born on "May __ [sic], 1943," as undisputed fact).

8.     Tamaulipas birth certificate identified as book number 8, certificate number 2580, registered August 6, 1943, states that "Macario Baez Longoria" was born

---

[3] The Mexican birth records of J. Baiz and Longoria's children admitted into evidence include several slight variations in the name of the place of birth described in these findings as Las Rusias: Ejido Las Rusias Este Municipio; Ejido Las Rusias; Ejido Las Rusias of this Municipality; Ejido Las Rusias Heroica, Matamoros, Tamaulipas; Ejido Las Rusias Sec. 13 this Municipality. *See, e.g.* Pl.'s Ex 2. The Mexican birth records for some of Baiz's siblings state that the child was born in "Heroica Matamoros, Tamaulipas" or "This City." *E.g.* Pl.'s Ex. 2 at 2-24, 2-27, 2-30, 2-31, 2-33, 2-35. Despite the variations in spelling, the parties agree that Baiz's siblings were born on the same ranch in Las Rusias on which the family lived.

in "Ejido Las Rusias of this municipality" at 23:00 on May 1, 1943. Pl.'s Ex. 2 at 2-9. M. Baez was J. Baiz and Longoria's first son.

9. In 1946, Longoria regularly crossed to Brownsville to earn money cleaning houses.

10. Texas "Standard Certificate of Birth" bearing registrar's file number 46-213 and the number 24969, of Cameron County, City of Brownsville, Texas filed March 25, 1946, states that M. Baez, identified as "Macario Baiz," was born with the assistance of midwife Silveria Medina ("Medina") at 4:00 a.m. on March 21, 1946, and lists his birthplace as Brownsville, Texas. Def.'s Ex. A at 1; *see also* Pretrial Order ¶ 6(h). This birth certificate further states that M. Baez is the first of two twins. Defs.' Ex. A at 1.

11. Texas "Standard Certificate of Birth" bearing registrar's file number 46-214 and the number 24970, of Cameron County, City of Brownsville, Texas filed March 25, 1946, states that Baiz was born with Medina's assistance at 5:00 a.m. on March 21, 1946, and lists her birthplace as Brownsville, Texas. Pl.'s Ex. A at 1; *see also* pretrial Order ¶ 6(b). This birth certificate further states that Baiz is the second of two twins. Pl.'s Ex. 1 at 1.

12. Neither M. Baez nor Baiz is a twin, and the Texas birth certificates described in the previous two paragraphs falsely state that the child is a twin. Pretrial Order ¶ 6(e)–(f), 6(m)–(n).

13. When Baiz was born, Longoria returned to the family home in Las Rusias with only one baby.

14. Baiz completed at most three years of school in Mexico.

15. Baiz was not baptized in Mexico.

16. When Baiz was approximately 12 years old, she moved to Brownsville and began living with an aunt.

17. At age 13, Baiz worked for a family in Brownsville caring for their children.

18. A Certificate of Baptism issued by the Church of St. Joseph in Brownsville, Texas, on April 21, 1966, states that Baiz, identified as "Olga Bais," was baptized on March 5, 1960, and lists her place of birth as Brownsville, Texas. Pl.'s Ex. 3 at 3-1.

19. The baptismal certificate lists the parents of the children for whom Baiz was caring as her godparents.

20. An unsigned, typewritten document dated June 15, 1960, purports to be an affidavit and record of sworn statement of Longoria, but, as explained infra, the document does not meet the legal definition of an affidavit. Pl.'s Ex. 4 at 4-5. The document dated June 15, 1960, recites that Sidney L. Roussett ("Roussett"), an officer of the U.S. Immigration and Naturalization Service, prepared it and read it to Longoria in the Spanish language. *Id.* The document further states that Baiz tried to enter the U.S. on the same date. It also attributes a statement to Longoria that Baiz and M. Baez were twins "born Mar. 21, 1946, at Ejido Las Rusias, Tamps, Mexico." *Id.* It further states that Medina falsely registered Baiz and M. Baez as being born in Brownsville. *Id.*

21. Neither Longoria nor Rousett signed the document dated June 15, 1960. *See id.* The document also does not indicate that the statements therein are made under penalty of perjury. *Id.*

22. The following table summarizes the dates stated on the birth records introduced into evidence and the document dated June 15, 1960. Pl.'s Ex. 2; Pl.'s Ex. 4 at 4-5.

| Name | Mexican DOB | Mex. Reg. Date | Texas DOB | Tex. Reg. Date | Ex. 4-5 DOB |
|---|---|---|---|---|---|
| Maria Baez Longoria | 10/30/1938 | 11/30/1939 | | | 10/30/1938 |
| Guadalupe Baez Longoria | 12/20/1940 | 8/6/1943 | | | 12/20/1939 |
| Sofia Baez Longoria | 12/15/1941 | 8/6/1943[4] | | | 12/15/1941 |
| Macario Baez Longoria | 5/1/1943 | 8/6/1943 | 3/21/1946 | 3/25/1946 | 3/21/1946 |
| Olga Baiz | | | 3/21/1946 | 3/25/1946 | 3/21/1946 |
| Lucia Baez Longoria | 10/27/1946 | 4/9/1968 | | | 10/27/1947 |
| Aurora Baez Longoria | 1/21/1949 | 5/24/1966 | | | 1/21/1949 |
| Genoveva Baez Longoria | 10/18/1949 | 8/10/1957 | | | 10/18/1951 |
| Pedro Baez Longoria | 10/27/1951 | 8/10/1957 | | | 10/27/1952 |
| Emma Baez Longoria | 5/29/1954 | 10/20/1954 | | | 5/21/1954 |

---

[4] The Spanish-language version of this document list the "Fecha de Registro" as "13/07/1962." Pl.'s Ex. 2 at 2-8. The English-language version list 08/06/1943 as the date of registration. Pl.'s Ex. 2 at 2-7. At trial, Sofia Huerta f/k/a Sofia Baez Longoria testified that her birth was registered in 1962 shortly before she got married, and she learned during this litigation that her parents registered her birth in August 1943.

4

| | | | | | |
|---|---|---|---|---|---|
| Alfredo Baez Longoria | 1/12/1956 | 10/8/1957 | | | 1/12/1956 |
| Lydia Baez Longoria | 11/26/1957 | 10/20/1962 | | | 11/26/1957 |
| Elsa Anita Huerta Baez | 9/6/1963 | 3/6/1967 | | | n/a |
| Enrique Baez Longoria | 11/26/1965 | 5/24/1966 | | | n/a |

23. In a Record of Sworn Statement dated August 30, 1964, Baiz stated that she was born on March 21, 1946, in Las Rusias and that she is a Mexican citizen. Pl.'s Ex. 4 at 4-2 (reciting that conversation conducted in the Spanish language and that the immigration patrol inspector who conducted the interrogation also acted as the interpreter). Baiz further stated that her mother "sent for" her and M. Baez's Texas birth certificates. *Id.* at 4-4. Baiz and the Immigration Patrol Inspector who prepared and translated this document signed it. *Id.*

24. Baiz married Reynaldo Casas in Brownsville, Texas on April 12, 1966. Pl.'s Ex. 5 at 5-1.

25. Tamaulipas Birth Certificate identified as book number 7, certificate number 1350, registered April 9, 1968, states that "Lucia Baez Longoria," Baiz's sister, ("L. Baez") was born in "Ejido Las Rusias Heroica, Matamoros, Tamaulipas" on October 27, 1946, at 22:00. Pl.'s Ex. 2 at 2-12.

26. By memorandum dated January 7, 1980, the "El Paso Intelligence Center" notified the Texas Department of Health of unspecified records "that indicates [Baiz] to have been born in Mexico rather than the United States." Pl.'s Ex. 4 at 4-6 (no enclosures listed).

27. The Texas Department of Health placed a hold on Baiz's Texas birth certificate on December 10, 1991. Pl.'s Ex. 4 at 4-1.

28. The U.S. Department of State issued Baiz a passport book on May 25, 2007, Pl.'s Ex. 7 at 7-1.

29. Plaintiff received a letter dated December 18, 2009, denying her request for a certified copy of her Texas birth certificate based on the existence of Longoria's purportedly sworn statement dated June 15, 1960, and Baiz's sworn statement dated August 30, 1964.[5] Pl.'s Ex. 9 at 9-1.

---

[5] The letter states that Baiz was allegedly born in El Paso County, Texas. Pl.'s Ex. 9 at 9-1. The parties have not explained this discrepancy and the Court infers the reference to El Paso County resulted from a clerical error.

5

30. Record of Inexistence number 4918038 issued by the State of Tamaulipas on May 4, 2010, states that a search of municipal birth records for the years 1946–50 located no records corresponding to the name "Olga Baez Longoria." Pl.'s Ex. 13 at 13-1.

31. On July 15, 2010, a Texas Department of State Health Services hearing examiner held a hearing and issued an order releasing the hold on Baiz's Texas birth certificate. *See* Pl.'s Ex. 10–12, Pl.'s Ex. 14 at 14-1 (finding that "conflicting information received by the State Registrar concerning [Baiz]'s Certificate was rebutted").

32. By letter dated September 26, 2012, the State Department revoked Baiz's passport book and card, citing Longoria's purportedly sworn statements in her 1960 affidavit and Baiz's statements in the 1964 Record of Sworn Statement. Pl.'s Ex. 16 at 16-1.

33. A Record of Inexistence, which bears no number, issued by the State of Tamaulipas on October 28, 2014, states that a search of municipal birth records for the years 1947–73 found no records corresponding to the name "Olga Baez Longoria." Pl.'s Ex. 13 at 13-1.

34. In or around October 2014, Baiz's older sister, Sofia Huerta ("Huerta"), went to Mexico to search for birth records corresponding to Baiz's name. In addition to the dates stated in the previous paragraph, Huerta searched for birth records in Matamoros from 1941–46 corresponding to Baiz's name. Huerta located no records corresponding to Baiz's name, although she found a birth record for herself registered August 6, 1943, which was previously unknown to her.

35. Baiz was born in Brownsville, Texas on March 21, 1946.

### Credibility and Weight of Evidence

While Baiz's Texas birth certificate, Pl.'s Ex. 1, is the most contemporaneous record of her birth, the parties agree that it falsely states that Baiz is M. Baez's twin and that both were born on the same day. M. Baez's Mexican birth record registered August 6, 1943, comprises the only documentary evidence in this record establishing that Baiz and M. Baez are not twins. Pl.'s Ex. 2 at 2-9. The Court finds credible Huerta's testimony that Baiz was born when Huerta was approximately eight years old and that she recalls her mother returning to the family home with only one baby after Baiz's birth. Thus, it is undisputed, and the Court finds that Baiz and M. Baez are not twins born on the same day.

The Court must therefore choose among multiple inferences to be drawn from the listing of Baiz and M. Baez as twins on the Texas birth certificates registered March 21, 1946. *See* Pl.'s Ex. 1 at 1-1; Defs.' Ex. A at 1. On the one hand, Defendant asks the Court to disregard Baiz's Texas birth record based primarily on M. Baez's Mexican

birth record. On the other hand, Defendant argued the Court should give little weight to the documentary and testimonial evidence showing that Baiz and Huerta met with no success when they attempted to locate a Mexican birth record corresponding to Baiz's name in Matamoros between 1946 and 1973. *See* Pl.'s Ex. 13 at 13-1, 13-4. The record, however, includes no evidence supporting a conclusion that the existence of a Mexican birth record is more probative than its nonexistence.[6] Instead, the evidence shows that J. Baiz and Longoria registered the births of 13 of their children born in Mexico in that country. *See* supra tbl. Other than three children who died very young, J. Baiz and Longoria made only one exception on this record: Baiz. Hence, the conspicuous absence of a Mexican birth record for Baiz when one exists for M. Baez, her putative twin, makes it more likely than not in the Court's view that Baiz was born in Brownsville, Texas and that the only false statement on Baiz's Texas birth certificate is the assertion that Baiz has a twin. The Court bases its conclusion on its observations of Baiz and her sisters' demeanor at trial in answering questions about what they had been told about Baiz's place of birth. Baiz's baptismal certificate dated April 21, 1966, showing that she was baptized in Brownsville on March 5, 1960 further corroborates their testimony. Pl.'s Ex. 3 at 3-1.

The Court does not find the document dated June 15, 1960, which has been characterized as Longoria's affidavit confessing that Baiz and M. Baez were born in Mexico, to be reliably probative of Baiz's place of birth.[7] The word "Affidavit" appears at the top of the first page of the document dated June 15, 1960, introduced into evidence as Plaintiff's Exhibit 4-5, but the exhibit, which is typewritten, includes neither a signature page nor any handwritten notations. Baiz testified that she was present when immigration officials questioned her mother regarding the Texas birth certificates of Baiz and M. Baez in 1960, but Baiz did not recall seeing her mother signing anything. The Court infers from Baiz's tone of voice and the vehemence of her response that she remembered the incident clearly. There was no evidence that a prior, similar incident occurred. It is reasonable to conclude that the first incident in which a 13-year-old witnesses her mother being questioned in a small office by persons clothed with official authority stood out in Baiz's memory. Thus, Baiz's testimony further supports the Court's finding that the unsigned document dated June 15, 1960, lacks the

---

[6] In his closing, Defendant argued that the three-year gap between M. Baez's birth in 1943 and Baiz's in 1946 suggest fraud because the interval between the births of their older siblings the was shorter, but more than 2 years elapse between the births of J. Baiz and Longoria's first and second children. *Compare* Pl.'s Ex. 2 at 2-1 (child one born on Oct. 30, 1938) *with* Pl.'s Ex. 2 at 2-3 (child 2 born Dec. 20, 1940).

[7] The Court implies no view on the authenticity of this document under the Federal Rules of Evidence. Plaintiff, not Defendant, offered the document dated June 15, 1960, as an exhibit at trial, and the Court admitted it with no objection from Defendant. To authenticate evidence, its proponent "must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Federal Rule of Evidence 901(b)(8) provides an example of evidence sufficient to authenticate a document that is at least 20 years old, including evidence that the document "is in a condition that creates no suspicion about its authenticity" and "was in a place where, if authentic, it would likely be." Fed. R. Evid. 901(b)(8)(A), (B). At trial, the parties clarified that their characterizations of the document dated June 15, 1960, as an affidavit referred only to its title, and Plaintiff did not assert that it meets the legal definition of an affidavit. *See* Fed. R. Evid. 901(a).

reliability of an affidavit. The parties conceded at trial that no signature page had been produced in discovery, and Defendant did not assert that one exists. Therefore, the Court finds that Plaintiff's Exhibit 4-5 does not meet the legal definition of an affidavit because it "contains no jurat, that is, 'a certificate by a competent officer that the writing was sworn to by the person who signed it.'" *Brady v. Blue Cross & Blue Shield of Tex., Inc.*, 767 F. Supp. 131, 135 (N.D. Tex. 1991) (quoting *Hill v. Floating Decks of Am., Inc.*, 590 S.W.2d 723, 729 (Tex. Civ. App. 1979)) (holding at summary judgment that unsworn document was not affidavit for this reason); *see, e.g., Barraza v. United States*, 526 F. Supp. 2d 637, 641–42 (W.D. Tex. 2007) (excluding unsigned documents styled as affidavit at summary judgment). Consequently, the statements made to the Texas Department of Health in 1980 and the Texas Department of State Health Services's 2009 statements that a "Sworn Statement by [Longoria]" existed stating that Baiz was not born in the United States do not accurately characterize that document as an affidavit, insofar as the assertion that the document meets the legal definition of an affidavit is implied. Pl.'s Ex. 4 at 4-6; Pl.'s Ex. 9 at 9-1.

Furthermore, the document dated June 15, 1960, does not meet the statutory exception found in 28 U.S.C. § 1746 which "permits unsworn declarations to substitute for an affiant's oath if the statement contained therein is made 'under penalty of perjury' and verified as 'true and correct.'" *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 531 (5th Cir. 2005) (citing *Nissho–Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988)). Plaintiff's Exhibit 4-5 does not include an assertion, either in form or substance, that it is true and correct. Hence, as the Fifth Circuit has put it, the form of the document admitted as Plaintiff's Exhibit 4-5 "allows the affiant to circumvent the penalties for perjury in signing onto intentional falsehoods." *Nisscho—Iwai Am. Corp.*, 845 F.2d at 1306 (affirming exclusion of unsworn statement at summary judgment because the declarant did not in substance state that its contents were "true and correct" as § 1746 requires). No evidence adduced at trial, including the exhibit itself, offers any assurance that the putative affiant was aware of the potential consequences of making a false statement. *See Barraza*, 526 F. Supp. 2d at 642 ("The requirement that the statement be made under penalty of perjury is essential to ensure that witnesses are aware of the consequences of making false statements."). Additionally, neither the face of Plaintiff's Exhibit 4-5 nor Baiz's testimony suggests that the putative interpreter read the document's contents to Longoria to confirm its accuracy. Instead, there are discrepancies between the dates of birth of some of Longoria's children listed in that document and the birth dates in the Mexican birth records admitted at trial. *See* tbl. supra. In sum, the Court finds the statement of Baiz's place of birth in the unsigned document dated June 15, 1960, Pl.'s Ex. 4 at 4-5, to be unreliable for all these reasons.

Unlike the purported affidavit of her mother, Baiz's signature appears on her Record of Sworn Statement dated August 30, 1964. Pl.'s Ex. 4 at 4-4. The Court finds credible Baiz's testimony that she initially stated that she was born in Brownsville, but the questioning she faced persisted to the point that she felt that she could not leave until she falsely confessed that she was born in Las Rusias. The documentary evidence shows that Baiz was just 18 years old when she was interrogated in 1964, *see* Pl.'s Ex. 1 at 1-1, and she testified that she had seen Longoria subjected to a similar interrogation approximately four years earlier. Baiz had at most a grade-school education, and she

8

neither spoke nor read the English language. She had been working in Brownsville caring for the children of others since she was 13 years old, and she had an infant of her own at home who was not yet three months old when she was interrogated. The Record of Sworn Statement does not state that the importance of the oath was explained to Baiz. *See* Pl.'s Ex. 4 at 4-4. Finally and importantly, Baiz reacted visibly at trial when describing the interrogation. The Court finds that her reaction is consistent with recalling an incident during which she subjectively felt a sense of powerlessness. For all of these reasons, the Court does not deem Baiz's Record of Sworn Statement dated August 30, 1964, persuasive evidence that Baiz was not born in Brownsville.

Finally, Defendant pointed out in his closing that L. Baez's Mexican birth record states that she was born on October 27, 1946, a little more than seven months after the date of birth stated in Baiz's Texas birth certificate. *Compare* Pl.'s Ex. 2 at 2-12 *with* Pl.'s Ex. 1 at 1-1. No witness attested to L. Baez's date of birth, and J. Baiz and Longoria registered her birth in 1968. Pl.'s Ex. 2 at 2-12. As the table supra illustrates, the dates of birth for the children of J. Baiz and Longoria vary from document to document, and the births of many of their children were registered several years after the date of birth recorded. All witnesses testified that L. Baez was not born prematurely and had no health problems as a baby. In view of this evidence, and especially given that more than 20 years elapsed between L. Baez's purported birth date and the registration of her birth in Mexico, the Court concludes that it is more likely than not that the date of birth stated on L. Baez's Mexican birth record is incorrect.

## Conclusions of Law

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 8 U.S.C. § 1503(a) because, on September 26, 2012, the State Department denied Plaintiff the right or privilege of a U.S. passport on the ground that she is not a U.S. citizen, Pl.'s Ex. 16 (revoking passport), and Plaintiff commenced this action on October 30, 2014, 2014. *See* Fed. R. Civ. P. 3.

2. This is a trial de novo. *See Patel v. Rice*, 403 F. Supp. 2d 560, 562 (N.D. Tex. 2005) (citing *Richards v. Sec'y of State*, 752 F.2d 1413, 1417 (9th Cir. 1985)). Because this Court sits as the fact finder, it draws factual inferences from the evidence and makes credibility determinations. *See* Fed. R. Civ. P. 52(a)(1), (6); *Garcia v. Kerry*, 557 F. App'x 304, 307–08 5th Cir 2014) (per curiam, unpublished); *Herrin Motor Lines, Inc. v. Jarvis*, 156 F.2d 276, 278 (5th Cir. 1946).

3. "[P]laintiff bears the burden of establishing, by a preponderance of the evidence, that [s]he is a United States national." *Patel*, 403 F. Supp. 2d at 562 (citing *Reyes v. Neelly*, 264 F.2d 673, 674—75 (5th Cir. 1959)). Proof by a preponderance of the evidence means demonstrating that the existence of a fact is more likely than not. *See Herman & MacLean v. Huddleston*, 459 U.S. 375, 390 (1983).

4. Under Texas law, a copy of a birth certificate "that is certified by the state registrar is prima facie evidence of the facts stated in the record." Tex. Health &

       Safety Code Ann. § 191.052. "Prima facie evidence is a minimum quantity. It is that which is enough to raise a presumption of fact; or, again, it is that which is sufficient, when unrebutted, to establish the fact." *Pinto-Vidal v. U.S. Att'y Gen.*, 680 F. Supp. 861, 862 (S.D. Tex. 1987) (quoting *Mah Toi v. Brownell*, 219 F.2d 642, 644 (9th Cir. 1955)).

5.     Plaintiff Olga Baiz is a U.S. citizen by virtue of her birth in Brownsville, Cameron County, Texas on March 21, 1946. *See* U.S. Const. Am. XIV § 1; *Miller v. Albright*, 523 U.S. 420, 422 (1998) (citing *United States v. Wong Kim Ark*, 169 U.S. 649, 702–703 (1898)).

       Judgment will be entered separately in accordance with Federal Rule of Civil Procedure 58. The Court **ORDERS** the Clerk of Court to close this case after entering the judgment.

       SIGNED this 28 day of April, 2016.

                                                Hilda G. Tagle
                                                Senior United States District Judge